Form 3015-8 Last Revised 12/01/2009

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF VIRGINIA
## Lynchburg Division

## CHAPTER 13 PLAN
## AND RELATED MOTIONS

Name of Debtor(s):    **Nincole Jones Calloway**          Case No:  **13-61344**

This plan, dated _____**June 27, 2013**_____ , is:

  [x] the *first* Chapter 13 plan filed in this case.

  [ ] a modified Plan that replaces the:

    ☐ confirmed or ☐ unconfirmed Plan dated _____

  Date and Time of <u>Modified Plan</u> Confirmation Hearing:

  Place of <u>Modified Plan</u> Confirmation Hearing:

  The Plan provisions modified by this filing are:

  Creditors affected by this modification are:

**NOTICE: YOUR RIGHTS WILL BE AFFECTED. You should read these papers carefully. If you oppose any provision of this plan, or if you oppose any included motions to (i) value collateral, (ii) avoid liens, or (iii) assume or reject unexpired leases or executory contracts, you MUST file a timely written objection.**

**This plan may be confirmed and become binding, <u>and the included motions in paragraphs 3, 6, and 7 to value collateral, avoid liens, and assume or reject unexpired leases or executory contracts may be granted</u>, without further notice or hearing unless a written objection is filed not later than seven (7) days prior to the date set for the confirmation hearing and the objecting party appears at the confirmation hearing.**

The debtor(s)' schedules list assets and liabilities as follows:
  Total Assets:                           $       12,427.00
  Total Non-Priority Unsecured Debt:      $       36,792.00
  Total Priority Debt:                    $          301.00
  Total Secured Debt:                     $       11,839.00

1. **Funding of Plan.** The debtor(s) propose to pay the Trustee the sum of __$143.00__ per __Bi-Weekly__ for __60__ months. Other payments to the Trustee are as follows: _____. The total amount to be paid into the Plan is __$18,590.00__.

2. **Priority Creditors.** The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.

   A. **Administrative Claims under 11 U.S.C. § 1326.**

   1. The Trustee will be paid the percentage fee fixed under 28 U.S.C. § 586(e), not to exceed 10%, of all sums disbursed except for funds returned to the debtor(s).
   2. Debtor(s)' attorney will be paid __$1,750.00__ balance due of the total fee of __$1,750.00__ concurrently with or prior to the payments to remaining creditors.
   3. The above fees include the following:

   |   |   |   |
   |---|---|---|
   | a) | $1,750.00 | Fees Approved or To Be Approved at Plan's Initial Confirmation - To be paid by the Chapter 13 Trustee; |
   | b) |  | Post Confirmation, Approved Fees - To be paid by the Chapter 13 Trustee; |
   | c) |  | Post Confirmation Fees, Pending Approval From Court - To be paid by the Chapter 13 Trustee. |

   B. **Claims under 11 U.S.C. § 507.**

   The following priority creditors will be paid by deferred cash payments pro rata with other priority creditors or in monthly installments as below, except that allowed claims pursuant to 11 U.S.C. § 507(a)(1) will be paid prior to other priority creditors but concurrently with administrative claims above:

   | Creditor | Type of Priority | Estimated Claim | Payment and Term |
   |---|---|---|---|
   | IRS | 2012 Federal Income Tax | $1.00 | pro rata |
   | VA Dept of Taxation | 2012 State Income Tax | $1.00 | pro rata |
   | City of Lynchburg Treasurers Office | 2013 Personal Property Tax | $299.00 | pro rata |

3. **Secured Creditors: Motions to Value Collateral ("Cramdown"), Collateral being Surrendered, Adequate Protection Payments, and Payment of certain Secured Claims.**

   A. **Motions to Value Collateral (other than claims protected from "cramdown" by 11 U.S.C. §1322 (b)(2) or by the final paragraph of 11 U.S.C. § 1325(a)). Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion to value collateral as set forth herein.**

   This section deals with valuation of certain claims secured by real and/or personal property, other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) [real estate which is debtor(s)' principal residence] or by the final paragraph of 11 U.S.C. § 1325(a) [motor vehicles purchased within 910 days or any other thing of value purchased within 1 year before filing bankruptcy], in which the replacement value is asserted to be less than the amount owing on the debt. **Such debts will be treated as secured claims only to the extent of the replacement value of the collateral. That value will be paid with interest as provided in sub-section D of this section. You must refer to section 3(D) below to determine the interest rate, monthly payment and estimated term of repayment of any "crammed down" loan. The deficiency balance owed on such a loan will be treated as an unsecured claim to be paid only to the extent provided in section 4 of the Plan.** The following secured claims are to be "crammed down" to the following values:

   | Creditor | Collateral | Purchase Date | Est. Debt Bal. | Replacement Value |
   |---|---|---|---|---|
   | n/a |  |  |  |  |
   |  |  |  |  |  |
   |  |  |  |  |  |

B.  **Real or Personal Property to be Surrendered.**

Upon confirmation of the Plan, or before, the debtor(s) will surrender his/her/their interest in the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy the claim, any timely filed deficiency claim to which the creditor is entitled may be paid as a non-priority unsecured claim. Confirmation of the Plan shall terminate the automatic stay as to the interest of the debtor(s) and the estate in the collateral.

| Creditor | Collateral Description | Estimated Value | Estimated Total Claim |
|---|---|---|---|
| Lease & Rental Management | 2000 Honda Accord | $500.00 | See Paragraph 11C Below * |
|  |  |  |  |

C.  **Adequate Protection Payments.**

The debtor(s) propose to make adequate protection payments required by 11 U.S.C. § 1326(a) or otherwise upon claims secured by personal property, until the commencement of payments provided for in sections 3(D) and/or 6(B) of the Plan, as follows:

| Creditor | Collateral | Adeq. Protection Monthly Payment | To Be Paid By |
|---|---|---|---|
| Bk Altavista | 2008 Mazda 3i | $110.00 mo. for 9 mo. | Chapter 13 Trustee |
|  |  |  |  |

Any adequate protection payment upon an unexpired lease of personal property assumed by the debtor(s) pursuant to section of 6(B) of the Plan shall be made by the debtor(s) as required by 11 U.S.C. § 1326(a)(1)(B) (payments coming due after the order for relief).

D.  **Payment of Secured Claims on Property Being Retained (except only those loans provided for in section 5 of the Plan):**

This section deals with payment of debts secured by real and/or personal property [including short term obligations, judgments, tax liens and other secured debts]. After confirmation of the Plan, the Trustee will pay to the holder of each allowed secured claim, which will be either the balance owed on the indebtedness or, where applicable, the collateral's replacement value as specified in sub-section A of this section, **whichever is less**, with interest at the rate provided below, the monthly payment specified below until the amount of the secured claim has been paid in full. **Upon confirmation of the Plan, the valuation and interest rate shown below will be binding unless a timely written objection to confirmation is filed with and sustained by the Court.**

| Creditor | Collateral | Approx. Bal. of Debt or "Crammed Down" Value | Interest Rate | Monthly Payment & Est. Term |
|---|---|---|---|---|
| Bk Altavista | 2008 Mazda 3i | $10,656.00 | 4.25% | $207.50 mo for 51 mo. |
|  |  |  |  |  |

E.  **Other Debts.**

Debts which are (i) mortgage loans secured by real estate which is the debtor(s)' primary residence, or (ii) other long term obligations, whether secured or unsecured, to be continued upon the existing contract terms with any existing default in payments to be cured pursuant to 11 U.S.C. § 1322(b)(5), are provided for in section 5 of the Plan.

4. **Unsecured Claims.**

   A. **Not separately classified.** Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims. Estimated distribution is approximately  8.00%  . The dividend percentage may vary depending on actual claims filed. If this case were liquidated under Chapter 7, the debtor(s) estimate that unsecured creditors would receive a dividend of approximately  0.00%

   B. **Separately classified unsecured claims.**

   | Creditor | Basis for Classification | Treatment |
   |---|---|---|
   | n/a | | |
   | | | |
   | | | |

5. **Mortgage Loans Secured by Real Property Constituting the Debtor(s)' Primary Residence; Other Long Term Payment Obligations, whether secured or unsecured, to be continued upon existing contract terms; Curing of any existing default under 11 U.S.C. § 1322(b)(5).**

   A. **Debtor(s) to make regular contract payments; arrears, if any, to be paid by Trustee.** The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below, without interest unless an interest rate is designated below for interest to be paid on the arrearage claim and such interest is provided for in the loan agreement.

   | Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Arrearage Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
   |---|---|---|---|---|---|---|
   | n/a | | | See 11C below** | | | pro rata |
   | | | | See 11C below** | | | |
   | | | | | | | |

   B. **Trustee to make contract payments and cure arrears, if any.** The Trustee shall pay the creditors listed below the regular contract monthly payments that come due during the period of this Plan, and pre-petition arrearages on such debts shall be cured by the Trustee either pro rata with other secured claims or with monthly payments as set forth below.

   | Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Arrearage Interest Rate | Monthly Payment on Arrearage & Est. Term |
   |---|---|---|---|---|---|
   | n/a | | | | | |
   | | | | | | |
   | | | | | | |

   C. **Restructured Mortgage Loans to be paid fully during term of Plan.** Any mortgage loan against real estate constituting the debtor(s)' principal residence upon which the last scheduled contract payment is due before the final payment under the Plan is due shall be paid by the Trustee during the term of the Plan as permitted by 11 U.S.C. § 1322(c)(2) with interest at the rate specified below as follows:

   | Creditor | Collateral | Interest Rate | Estimated Claim | Monthly Payment & Term |
   |---|---|---|---|---|
   | n/a | | | | |
   | | | | | |
   | | | | | |

6. **Unexpired Leases and Executory Contracts.** The debtor(s) move for assumption or rejection of the executory contracts and leases listed below.

   A. **Executory contracts and unexpired leases to be rejected.** The debtor(s) reject the following executory contracts:

   | Creditor | Type of Contract |
   |---|---|
   | n/a | |
   | | |
   | | |

   B. **Executory contracts and unexpired leases to be assumed.** The debtor(s) assume the following executory contracts. The debtor(s) agree to abide by all terms of the agreement. The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or on a fixed monthly basis as indicated below.

   | Creditor | Type of Contract | Arrearage | Monthly Payment for Arrears | Estimated Cure Period |
   |---|---|---|---|---|
   | n/a | | | | |
   | | | | | |
   | | | | | |

7. **Liens Which Debtor(s) Seek to Avoid.**

   A. **The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f).** The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions. **Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien.** If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

   | Creditor | Collateral | Exemption Basis | Exemption Amount | Value of Collateral |
   |---|---|---|---|---|
   | n/a | | | | |
   | | | | | |
   | | | | | |

   B. **Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f).** The debtor(s) have filed or will file and serve separate pleadings to avoid the following liens or security interests. The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief. The listing here is for information purposes only.

   | Creditor | Type of Lien | Description of Collateral | Basis for Avoidance |
   |---|---|---|---|
   | n/a | | | |
   | | | | |
   | | | | |

8. **Treatment and Payment of Claims.**
   - All creditors must timely file a proof of claim to receive any payment from the Trustee.
   - If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the Plan, the creditor may be treated as unsecured for purposes of distribution under the Plan. This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
   - If a claim is listed in the Plan as secured and the creditor files a proof of claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the Plan.
   - The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.

9. **Vesting of Property of the Estate.** Property of the estate shall revest in the debtor(s) upon confirmation of the Plan. Notwithstanding such vesting, the debtor(s) may not sell, refinance, encumber real property or enter into a mortgage loan modification without approval of the Court after notice to the Trustee, any creditor who has filed a request for notice and other creditors to the extent required by the Local Rules of this Court.

10. **Incurrence of Indebtedness.** The debtor(s) shall not voluntarily incur additional indebtedness exceeding the cumulative total of $5,000 principal amount during the term of this Plan, either unsecured or secured against personal property, except upon approval of the Court after notice to the Trustee, any creditor who has filed a request for notice, and other creditors to the extent required by the Local Rules of this Court.

11. **Other provisions of this Plan.**
    A. **Additional Adequate Protection**
    Adequate Protection also consists of the following in this case:
    [X] The Debtor's payment required by Paragraph 1 shall be made to the Trustee by wage deduction

    B. **Date Debtor(s) to Resume Regular Direct Payments to Creditors that are being Paid Arrearages by the Trustee under Paragraphs 5A and 6B**

| Creditor | Month Debtor to Resume Regular Direct Payments |
|---|---|
| n/a |  |
|  |  |
|  |  |
|  |  |
|  |  |

   C. **Other:**

   * Any unsecured proof of claim for a claim of deficiency that results from the surrender and liquidation of collateral noted in Paragraph 3(B) of this plan must be filed by the earlier of the following or such claim shall be forever barred: (1) within 180 days of the date of the first confirmation order confirming a plan providing for the surrender of said collateral, or (2) within the time period for the filing of an unsecured deficiency claim as established by any Order granting relief from the automatic stay with respect to said collateral. Said unsecured proof of claim for a deficiency must include appropriate documentation establishing that the collateral surrendered has been liquidated, and the proceeds applied, in accordance with applicable state law.

   ** Any fees, expenses, or charges accruing on claims set forth in paragraph 5A or 5B of this Plan which are noticed to the debtor pursuant to Bankruptcy Rule 3002.1(c) shall not require modification of the debtor's plan to pay them. Instead, any such fees, expenses, or charges shall, if allowed, be payable by the debtor outside the Plan unless the debtor chooses to modify the plan to provide for them.

Signatures:

Dated: _____6/27/2013_____


        **/s/ Nincole Jones Calloway**                          **/s/ David Wright**
                  Debtor                                                  Debtor's Attorney


                      **/s/**
                Joint Debtor


Exhibits:    Copy of Debtor(s)' Budget (Schedules I and J);
              Matrix of Parties Served with plan


Certificate of Service

I certify that on **7/10/2013**, I mailed a copy of the foregoing to the creditors and parties in interest on the attached Service List.


                      **/s/ David Wright**

                      David Cox, David Wright, Janice Hansen & Heidi Shafer
                      900 Lakeside Drive, Lynchburg, VA 24501
                      434-845-2600, 434-845-0727 fax
                      ecf@coxlawgroup.com

Case 13-61344    Doc 11    Filed 07/10/13    Entered 07/10/13 15:36:50    Desc Main
Document    Page 8 of 12
Debtor(s): Nincole Jones Calloway
Case No: 13-61344
Chapter: 13
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

Aarons Sales & Lease Ownership
5205 Fort Avenue
Lynchburg, VA 24502

CBE Group
131 Town Park Drive, Suite 1
Waterloo, IA 50702

Dennis H. Glasgow
213 Wayne Drive
Lynchburg, VA 24502-

AEP
PO Box 24413
Canton, OH 44701

Centra
P.O. Box 79940
Baltimore, MD 21279-0940

Directv ***
BKR Plain
PO Box 6550
Greenwood Village, CO 80155

AMCOL SYSTEMS INC
111 Lancewood Road
Columbia, SC 29210

Centra Health *
1204 Fenwick Drive
Lynchburg, VA 24502-0000

Eastern Specialty Fiance
DBA Check'N Go
7803 Timberlake Road
Lynchburg, VA 24502

American Infosource LP
As Agent for US Cellular
P.O. Box 248838
Oklahoma City, OK 73124

Central Health Emergency Servic
PO Box 2080
Kilmarnock, VA 22482

ECMC
101 East Fifth Street
Suite 2400
Saint Paul, MN 55101

Approved Cash Advance
5508 Fort Avenue, Suite C
Lynchburg, VA 24502

Check and Go
7803 Timberlake Road
Lynchburg, VA 24502

Financial Asset Management
PO Box 451409
Atlanta, GA 31145

Barbara Jones
1636 Richmond Hwy
Spout Spring, VA 24593

Check Into Cash
2123 Wards Road
Lynchburg, VA 24502

First Point Collection Resourc
PO Box 26140
Greensboro, NC 27402

Bk Altavista
Broad & Seventh St
Altavista, VA 24517

City of Lynchburg Collections, '
Attn: J.D. Reynolds
PO Box 9000
Lynchburg, VA 24505-0000

Firstsource Advantage, LLC
PO Box 23888
Belleville, IL 62223

Black Expressions
PO Box 6400
Camp Hill, PA 17012

Comcast Cable
PO Box 3006
Southeastern, PA 19398

Firstsource Healthcare Advanta
10 Tara Boulevard, Suite 410
Nashua, NH 03062

Calvin E Herndon
10630 Wards Road
Rustburg, VA 24588

Commonwealth Collections, LLC
P.O. Box 2080
Kilmarnock, VA 22482-2080

Focused Recovery Solut
9701 Metropolitan
Richmond, VA 23236

Carter Bank & Trust
3515 Campbell Avenue
Lynchburg, VA 24501

Commonwealth of Virginia
Department of Motor Vehicles
PO Box 27412
Richmond, VA 23269

Ic Systems Inc
PO Box 64378
St. Paul, MN 55164

Case 13-61344   Doc 11   Filed 07/10/13   Entered 07/10/13 15:36:50   Desc Main
Document   Page 9 of 12

Debtor(s): Nincole Jones Calloway
Case No: 13-61344
Chapter: 13
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| Internal Revenue Service***<br>P O Box 7346<br>Philadelphia, PA 19114-7346 | National Payment Center<br>US Department of Education<br>PO Box 105028<br>Atlanta, GA 30348 | Sprint Nextel - Distributions<br>Attn: Bankruptcy Department<br>PO Box 172408<br>Denver, CO 80217 |
| Jefferson Capital Systems, LLC<br>P.O. Box 953185<br>Saint Louis, MO 63195 | No No Hair! | Stellar One<br>2102 Langhorne Road<br>Lynchburg, VA 24501 |
| Johnson Health Center<br>320 Federal Street<br>Lynchburg, VA 24505-0000 | Orthopaedic Center of Central V.<br>PO Box 63216<br>Charlotte, NC 28265 | Think Cash<br>PO Box 377727<br>Philadelphia, PA 19101 |
| Laboratory Corporation of Ameri<br>P.O. Box 2240<br>Burlington, NC 27216-2240 | Physicians Treatment Center<br>2832 Candlers Mountain Road<br>Lynchburg, VA 24502 | TRS Recovery Services, Inc.<br>PO Box 17170<br>Denver, CO 80217-0170 |
| Lease & Rental Management Corp.<br>d/b/a Auto Loan<br>45 Haverhill Street<br>Andover, MA 01810-0000 | Pizza Hut<br>2413 Memorial Avenue<br>Lynchburg, VA 24501 | U.S. Cellular<br>P.O. Box 371345<br>Pittsburgh, PA 15250-7345 |
| Maxway<br>2215 Florida Avenue<br>Lynchburg, VA 24501 | Premier Bankcard/Charter<br>PO Box 2208<br>Vacaville, CA 95696 | United Financial Service<br>for T-Mobile<br>333 Washington BLVD, PMB 153<br>Marina del Rey, CA 90292 |
| MCV Hospital<br>P.O. Box 980462<br>Richmond, VA 23298 | Radiology Consultants of Lynchb<br>113 Nationwide Drive<br>Lynchburg, VA 24502-0000 | Va Department Of Taxation*<br>Bankruptcy Unit<br>P O Box 2156<br>Richmond, VA 23218-0000 |
| MCV Physicians<br>1601 Willow Lawn Drive<br>Suite 275<br>Richmond, VA 23230 | Rehab Associates of Central Vir<br>1948 Thomson Drive<br>Lynchburg, VA 24501 | VA Hospital Inc<br>PO Box 740776<br>Cincinnati, OH 45274 |
| Midland Credit Management, Inc<br>8875 Aero Drive, Suite 200<br>San Diego, CA 92123 | RJM Acquisitions LLC<br>575 Underhill Blvd Suite 224<br>Syosset, NY 11791 | Verizon Wireless<br>P.O. Box 25505<br>Lehigh Valley, PA 18002-5505 |
| Midland Funding LLC<br>By American Infosource LP As Ag<br>Attn: Department 1<br>Houston, TX 77210 | SCA Credit Services<br>PO Box 13945<br>Roanoke, VA 24038 | Virginia Emergency Physicians<br>PO Box 41309<br>Nashville, TN 37204 |

Debtor(s): Nincole Jones Calloway

Case No: 13-61344
Chapter: 13

WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

Website Listings, Inc.
1623 Military Road #926
Niagara Falls, NY 14304


Womens Health Services *
114 Nationwide Drive
Lynchburg, VA 24502-0000


Woodforest National Bank
197 Madison Heights Square
Madison Heights, VA 24572

B6I (Official Form 6I) (12/07)

In re **Nincole Jones Calloway**　　　　　　　　　　　　　　　Case No. **13-61344**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　(if known)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | Dependents of Debtor and Spouse | | | |
|---|---|---|---|---|
| Single | Relationship(s): Son | Age(s): 16 | Relationship(s): | Age(s): |
| **Employment:** | Debtor | | Spouse | |
| Occupation | Legal Assistant | | | |
| Name of Employer | Cox Law Group, PLLC | | | |
| How Long Employed | 2.5 | | | |
| Address of Employer | 900 Lakeside Drive<br>Lynchburg, VA 24501 | | | |

INCOME: (Estimate of average or projected monthly income at time case filed)　　　　　**DEBTOR**　　**SPOUSE**

1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly)　　$1,891.72
2. Estimate monthly overtime　　　　　　　　　　　　　　　　　　　　　　　　　　　　　$0.00
3. SUBTOTAL　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**$1,891.72**
4. LESS PAYROLL DEDUCTIONS
　　a. Payroll taxes (includes social security tax if b. is zero)　　　　　　　　　　　　$197.19
　　b. Social Security Tax　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　$0.00
　　c. Medicare　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　$0.00
　　d. Insurance　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　$0.00
　　e. Union dues　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　$0.00
　　f. Retirement　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　$0.00
　　g. Other (Specify)　STD　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　$5.74
　　h. Other (Specify)　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　$0.00
　　i. Other (Specify)　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　$0.00
　　j. Other (Specify)　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　$0.00
　　k. Other (Specify)　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　$0.00
5. SUBTOTAL OF PAYROLL DEDUCTIONS　　　　　　　　　　　　　　　　　　　　　　**$202.93**
6. TOTAL NET MONTHLY TAKE HOME PAY　　　　　　　　　　　　　　　　　　　　　**$1,688.79**
7. Regular income from operation of business or profession or farm (Attach detailed stmt)　　$0.00
8. Income from real property　　　　　　　　　　　　　　　　　　　　　　　　　　　　　$0.00
9. Interest and dividends　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　$0.00
10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above　　$0.00
11. Social security or government assistance (Specify):
　　_____　　　　　　　　$0.00
12. Pension or retirement income　　　　　　　　　　　　　　　　　　　　　　　　　　$0.00
13. Other monthly income (Specify):
　　a. Contribution from Tax Refund_____　　　　$300.00
　　b._____　　　　　　$0.00
　　c._____　　　　　　$0.00
14. SUBTOTAL OF LINES 7 THROUGH 13　　　　　　　　　　　　　　　　　　　　　**$300.00**
15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14)　　　　**$1,988.79**
16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15)　　**$1,988.79**

(Report also on Summary of Schedules and, if applicable,
on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
**None.**

B6J (Official Form 6J) (12/07)

IN RE: **Nincole Jones Calloway**　　　　　　　　　　　　　　　Case No. **13-61344**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　(if known)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | |
|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home)<br>　　a. Are real estate taxes included?　　☐ Yes　☐ No<br>　　b. Is property insurance included?　　☐ Yes　☐ No | $606.00 |
| 2. Utilities:　a. Electricity and heating fuel<br>　　　　　　b. Water and sewer<br>　　　　　　c. Telephone<br>　　　　　　d. Other: | |
| 3. Home maintenance (repairs and upkeep) | $25.00 |
| 4. Food | $325.00 |
| 5. Clothing | $50.00 |
| 6. Laundry and dry cleaning | $75.00 |
| 7. Medical and dental expenses | $50.00 |
| 8. Transportation (not including car payments) | $250.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $50.00 |
| 10. Charitable contributions | |
| 11. Insurance (not deducted from wages or included in home mortgage payments)<br>　　a. Homeowner's or renter's<br>　　b. Life<br>　　c. Health<br>　　d. Auto<br>　　e. Other: | $181.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments)<br>Specify: Personal Property Taxes | $17.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan)<br>　　a. Auto:<br>　　b. Other:<br>　　c. Other:<br>　　d. Other: | |
| 14. Alimony, maintenance, and support paid to others: | |
| 15. Payments for support of add'l dependents not living at your home: | |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | |
| 17.a. Other: Haircare & Grooming<br>17.b. Other: | $50.00 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | $1,679.00 |
| 19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document: **None.** | |
| 20. STATEMENT OF MONTHLY NET INCOME<br>a. Average monthly income from Line 15 of Schedule I<br>b. Average monthly expenses from Line 18 above<br>c. Monthly net income (a. minus b.) | $1,988.79<br>$1,679.00<br>$309.79 |